```
UNITED STATES DISTRICT COURT                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
ERIC CHERRY,                                                :
                              Petitioner,                   :    **MEMORANDUM DECISION**
                                                            :    **AND ORDER**
              -against-                                     :
                                                            :    17-cv-3071 (BMC)
                                                            :
THOMAS GRIFFIN,                                             :
                                                            :
                              Respondent.                   :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

By Order dated May 24, 2017, familiarity with which is assumed, I ordered petitioner to show cause why his habeas corpus petition under 28 U.S.C. § 2254 should not be denied as untimely. Petitioner had commenced this proceeding approximately three weeks after the expiration of the one-year time limit required under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner acknowledged his petition's untimeliness, but asked to be relieved from the one-year filing requirement because of several reasons, including insufficient knowledge of state law procedures (which petitioner incorrectly thought tolled his time to file his habeas petition), lack of access to a law library, transfer between facilities, and the return of his first attempt to file the petition for insufficient postage. The Order to Show Cause explained the doctrine of equitable tolling to petitioner and suggested that the reasons he offered were not sufficient to meet the extraordinary circumstances requirement of the tolling doctrine, discussing each of those reasons in some detail. However, the Order to Show Cause offered petitioner the opportunity to provide more detail to possibly qualify for equitable tolling.

Petitioner has responded to the Order to Show Cause, acknowledging that he has no additional proof or arguments to offer and restating the grounds for equitable tolling that he

provided in his petition. In essence, petitioner has requested that the Court exercise its discretion based on sympathy because of his unawareness of the law and the other reasons he previously offered.

Although whether to grant or deny equitable tolling is a matter for the Court's discretion, that discretion is not unbridled. Petitioner still has to meet the standard of extraordinary circumstances beyond his control to come within the zone in which the Court's exercise of discretion would be appropriate. For the reasons discussed in the Order to Show Cause, he has not met that standard.

Specifically, he has not explained why he needed to get to a law library when, in fact, he had already filed a premature petition months before the instant petition – and this one was hardly any different, therefore not requiring any legal research. He has also not explained why, although he had 75 days left on his one-year AEDPA period from when his last properly filed state court motion was denied, he waited until the eve of the AEDPA period's expiration to file. Further, he has not substantiated that, in fact, his first attempt to commence this proceeding was returned to him for insufficient postage, and even if he had, he has offered no reason why he did not know how much postage was required, given that he had previously mailed in a longer petition that had been accepted by the U.S. Postal Service, such that it seems unlikely that this shorter petition required more postage than had the previous one. Finally, he has not responded to the numerous cases I cited in the Order to Show Cause holding that, as a general matter, a mistake of law does not constitute an extraordinary circumstance sufficient to warrant equitable tolling.

The only new argument that petitioner has offered is that, unlike the cases cited in the Order to Show Cause, this is not a "single factor" case and the Court should consider the

combined effect of all of his arguments. However, this is not accurate; several of the cases cited were multi-factor cases, see Muller v. Greiner, No. 03 Civ. 1844, 2004 WL 97687, *3 (S.D.N.Y. Jan. 20, 2004), aff'd, 139 F. App'x 344 (2d Cir. 2005); Coleman v. McKinney, 269 F. Supp. 2d 44, 48 (E.D.N.Y. 2003), and there are many others that were not cited that also considered multiple arguments in rejecting equitable tolling. See Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002); Martinez v. Kuhlmann, No. 99 CIV. 1094, 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3, 1999), opinion adopted, No. 99 CIV. 1094 (MBM), 2000 WL 622626 (S.D.N.Y. May 15, 2000). The rule in equitable tolling, generally speaking, is that the whole cannot be greater than the sum of its parts.

Petitioner's request for sympathy also cannot be a factor in equitable tolling because under our precedential system of justice, a decision can have an effect beyond the particular petitioner in a given case. Just as this Court has relied on prior decisions in concluding that petitioner's arguments do not qualify for equitable tolling, a contrary ruling based on sympathy would form the basis for arguments by other petitioners and the need for other courts to address that basis for invoking equitable tolling. In that way, the doctrine of equitable tolling could be incrementally eroded without the benefit of sufficient input from higher courts. If there is to be a relaxation of the standards for equitable tolling on the ground of sympathy, it must emanate from the Courts of Appeal or the Supreme Court, and the present authoritative decisions from those courts do not support such a relaxation.

Accordingly, the petition is denied as untimely and the case is dismissed. The Clerk is directed to enter judgment accordingly. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C.

§ 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      June 21, 2017